The opinion of the Court was delivered by
Whitner, J.
The verdict of the jury has satisfactorily ascertained that the plaintiff had at one time a property in the negro woman and child, the subject of this suit. It may also be assumed as true that the defendant had no title to the negroes in question, relying mainly upon the allegation of title in a third person, to whom it was insisted an assignment had been made by the plaintiff, when an applicant for the relief afforded by the Insolvent debtors’ Act.
Though the question has been started in the argument, I do not regard it necessary to determine whether in analogy to cases which have been decided in-our State in voluntary assignments under our Act of the Legislature, or of assignments under the Prison Bounds Act, such actions as the present may -not be maintained in the name of the assignee *361 or assignor indiscriminately, inasmuch as this suit does not purport to be for the use or benefit of the assignor.
Neither do I propose to draw in question the general proposition, that by such assignments as those contemplated by the A. A., 1795, “ For the more effectual relief of insolvent debtors,” the estate of the debtor is vested in the person to whom such an assignment is made. This is the express provision of the Act to be found in 4 Stat. 88, sec. 1. In this case it appears that the plaintiff being under arrest applied for the benefit of the Insolvent Debtors’ Act, complied with its requisitions, filed his schedule, in which was included this property, and executing an assignment or that which was intended as an assignment, an order for his discharge was made ; and yet it turns out, as in the case of Tunno vs. Edwards, 2 Tread. 674, that neither the assignee nor any of the creditors or any other person has yet consented to take an assignment of his estate and effects; nay, more, the very person named as assignee appeared in court, and on oath, declared he never had accepted, the assignment.
We have not here a contest between the creditors and debtor, or between the assignee and assignor, nor are we called to decide what may be the effect of a discharge thus ordered; these are questions between other parties. In the language of Judge Nott, in the case referred to, “ the assignment is intended for the benefit of the creditors only. What does not belong to them belongs to the debtor still, a refusal on their part to accept of the property, is a consent that he may keep it.” Elsewhere it has been said that a bankrupt should be held to have an absolute property in the chattels, good against all the world, until his assignees asserted some title.
Looking to the scheme of our Acts of the Legislature, whether for the relief of insolvent debtors, or of prison bounds, which require an assignment of the estate, or so much as may be sufficient to satisfy the debt wherewith the *362 petitioner shall be charged, a mere wrong doer should not be permitted to interfere with rights of the debtor, which remain or enure to him either by the consent or default of the creditor to whom alone they otherwise attach. However, the general principle urged, may operate in other cases; yet, accompanying the very effort to show a paramount title in a third person, when such person without fraud or connivance, presents himself before the Court and disavows such title, it cannot be that a recovery should thus be defeated.
The evidence furnishes no ground on which to divest the plaintiff, or arrest his recovery in reference to the proceedings had in the Court of Equity.
It seems to have been a bill for account filed against the executor, and on which no account has yet been taken, though ordered generally by the Chancellor. There has certainly been no such recovery, or election even, as can operate to relieve the present appellant.
The third ground can avail as little, for from the view taken, it is not seen what there is to distinguish this from the ordinary cases of trover as to the measure of damages to be recovered.
The motion for a new trial 'is dismissed.
O’Neall, Wardlaw, Withers, Glover, and Munro, JJ., concurred.

Motion dismissed.